UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

James Covington

   v.   Case No. 20-cv-330-JL

New Hampshire State Prison Warden et al.[1]


**REPORT AND RECOMMENDATION**

Before the court is pro se plaintiff James Covington's complaint (Doc. No. 1) and two addenda to the complaint (Doc. Nos. 6, 7). The complaint and the complaint addenda are before the court for preliminary review, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(a); and LR 4.3(d)(1).

**Preliminary Review Standard**

The court screens complaints filed by plaintiffs proceeding in forma pauperis and by prisoners seeking relief against an employee of a government entity. See 28 U.S.C. §§ 1915(e)(2), 1915A; LR 4.3(d)(1). Claims may be dismissed, sua sponte, if, among other things, the court lacks jurisdiction, a defendant is

---

[1]Defendants named in the initial pleadings (Doc. Nos. 1, 6, 7) are: New Hampshire State Prison ("NHSP") Warden Michelle Edmark and NHSP Corrections Officers Bezel (whose first name is unknown ("FNU")), FNU Bronoski, FNU Carver, FNU Cass, FNU Farrah, FNU Forbes, FNU Forcier, FNU Hill, FNU Hyde, FNU Jackson, FNU Kratovil, FNU Lancot, FNU Lemay, FNU O'Brien, FNU Picone, FNU Rubio, Michael Shaw, FNU Sisk, FNU Smith, and FNU Williams.

1

immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); Fed. R. Civ. P. 12(h)(3).  As the plaintiff has filed this action pro se, the court construes his pleadings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## Background

Plaintiff, a prisoner, alleges that a nurse at the New Hampshire State Prison ("NHSP") sexually assaulted him over the course of five and a half years, beginning in January 2013.  Mr. Covington alleges that the sexual assaults occurred nights when he was in the NHSP Health Services Center performing work he was authorized to do, and the nurse was working alone.

Defendants are the NHSP Warden and twenty corrections officers who plaintiff alleges failed to ensure that he was not left unsupervised with the nurse on the nights when they were on duty.[2]  Mr. Covington specifically alleges that two of the defendant officers slept during their shifts.

---

[2]Mr. Covington is presently suing the nurse in a separate case that has been construed to invoke the court's jurisdiction under 28 U.S.C. § 1343(a), see Covington v. Paris, No. 19-cv-334-JD (D.N.H.).

2

**Discussion**

I. <u>Claims against Warden</u>

Plaintiff names the NHSP Warden in the case caption, but none of his allegations assert any facts regarding what the Warden did or failed to do that resulted in the alleged assaults. To the extent plaintiff has named the Warden based on a theory of vicarious liability, respondeat superior is unavailable in the context of claims asserted under 42 U.S.C. § 1983. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009). Mr. Covington has failed to state any federal claim upon which relief can be granted against the NHSP Warden in this case. Accordingly, the district judge should dismiss any federal claim Mr. Covington intended to assert against the Warden in this action.

II. <u>Claims against Remaining Defendants</u>

Mr. Covington characterizes all of his claims against the defendant corrections officers as negligence claims. At a minimum, to state a constitutional tort or other civil rights claim upon which relief can be granted pursuant to 42 U.S.C. § 1983, the plaintiff must allege facts showing that the defendant possessed a purposeful, knowing, or reckless state of mind, as "'liability for <u>negligently</u> inflicted harm is categorically beneath the threshold of constitutional due

3

process.'" Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472 (2015) (emphasis in original, citation omitted). The complaint here fails to assert facts alleging any acts or omissions of the defendants more culpable than negligence. Accordingly, plaintiff has failed to state any actionable federal civil rights claim against those defendants, and the district judge should dismiss any such claims on that basis.

III. Dismissal of State Claims without Prejudice

Under 28 U.S.C. § 1367(c)(3), this court may decline to exercise supplemental jurisdiction over state law claims where the court has dismissed all claims over which it has original jurisdiction. In light of Mr. Covington's failure to state any claim upon which this court may exercise its original jurisdiction against any of the named defendants, the district judge should dismiss the complaint, without prejudice to Mr. Covington's ability to refile his common law negligence claims in a state court of competent jurisdiction.

## Conclusion

For the foregoing reasons, the district judge should dismiss Mr. Covington's complaint without prejudice to his ability to file his tort claims against the named defendants in a state court of competent jurisdiction. Any objections to this

4

Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

```
                                    _____
                                    Andrea K. Johnstone
                                    United States Magistrate Judge
```

September 10, 2020

cc:  James Covington, pro se